THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL JOHN STUTZ,<br><br>     Plaintiff,<br><br>v.<br><br>MARVIN D. BAGLEY et al.,<br><br>     Defendants. | **MEMORANDUM DECISION &**<br>**ORDER TO SHOW CAUSE**<br><br><br>Case No. 4:25-CV-143-AMA<br><br>District Judge Ann Marie McIff Allen |

Having screened Plaintiff's *pro se* prisoner civil-rights Complaint,[1] under its statutory review function,[2] the Court proposes to dismiss this action because Plaintiff has failed to state a claim upon which relief may be granted. Dkt. No. 1.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** . . ., subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law [or] suit in equity. . . .

42 U.S.C.S. § 1983 (2026).

[2] The screening statute reads, in pertinent part:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2026).

Plaintiff names as defendants Marvin Bagley (the Utah district court judge who presided over Plaintiff's criminal proceedings) and Kevin Daniels (the prosecutor in Plaintiff's criminal proceedings). *Id.*; *State v. Stutz*, No. 201600030 (Utah 6th Dist. Ct. filed Feb. 5, 2020) (docket). Defendants are alleged to have breached Plaintiff's legal rights regarding his conviction in Utah state court. (*Id.*) Plaintiff possibly requests monetary damages and release from prison. (*Id.*)

## A. ANALYSIS

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings may reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

2

1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the *pro se* litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

### 1. Sovereign-citizen legal theories

Plaintiff's claims heavily feature references from the sovereign-citizen movement, including assertions that he acts under a "Cestui Que Vie Trust Account," with "Defendants as trustees, and the Plaintiff as Trustor"; and has rights to be litigated under the Uniform Commercial Code and Universal Declaration of Human Rights. Dkt. No. 1.

"The 'sovereign citizen' movement traces its roots to anti-government ideologies in the late 20th century, including the Posse Comitatus and tax-protester movements." *Caffey v. Grand River Dam Police Dep't*, No. 25-cv-216, 2025 U.S. Dist. LEXIS 174819, at *4 (E.D. Okla. Aug. 12, 2025), R. & R. adopted, 2025 U.S. Dist. LEXIS 173084 (E.D. Okla. Sept. 5, 2025) (dismissing with prejudice sovereign-citizen-imbued complaint). Its core ideology relies on the legally invalid proposition that "individuals may unilaterally declare themselves outside the jurisdiction of the courts by adopting self-styled legal identities." *Id.* Such arguments have been universally rejected by courts calling them, for example, "wholly meritless" and "utterly without legal foundation." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (stating status as "sovereign citizen" has "no conceivable validity in American law"); *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (declaring argument is "plainly frivolous").

The Court repudiates these theories out of hand. "They are incompatible with the rule of law and reflect pseudo-legal rhetoric rather than justiciable claims." *Caffey*, 2025 U.S. Dist. LEXIS 174819, at *4.

### 2. Immunity doctrines

To the extent Plaintiff challenges Defendants Bagley and Daniels' "gross negligence and unfair treatment of the Plaintiff . . . in their process of litigation regarding [his] Criminal Case," Dkt. No. 1, those claims are barred by immunity. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[G]enerally, a judge is immune from a suit for money damages."); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding prosecutor absolutely immune for activities "intimately associated" with "initiating a prosecution [and] presenting the State's case").

### 3. Habeas

Plaintiff specifically requests habeas-corpus relief. Dkt. No. 1. However, the statute Plaintiff invokes, § 1983, does not allow a habeas-corpus remedy. *See Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014) (unpublished). Earlier release from incarceration may be attained in court by a writ of habeas corpus only, not by a civil-rights case. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see also* 28 U.S.C.S. §§ 2241, 2254 (2026) (authorizing federal habeas petitions by state inmates). The Complaint also may not be construed as a habeas petition; although courts must liberally construe *pro se* pleadings like Plaintiff's, that duty typically does not compel characterization of civil-rights claims as habeas claims. *See Crabtree*, 564 F. App'x at 404.

### B. ORDER

**IT IS ORDERED** as follows:

**1.** Based on the above analysis, Plaintiff must within thirty days **SHOW CAUSE** why this Complaint should not be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2026).

**2.** Defendant Bagley's Motion to Dismiss and Plaintiff's Motion to Bifurcate Defendants are **DENIED** as moot. Dkt. Nos. 7, 13. This is based on the Court's proposal here to dismiss this action.

DATED this 24th day of June 2026.

BY THE COURT:

JUDGE ANN MARIE MCIFF ALLEN
United States District Court